IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALFRED MARZAN,<br>ADELAIDA LIWANAG MARZAN,<br><br>    Plaintiffs,<br><br>   v.<br><br>BANK OF AMERICA, COUNTRYWIDE<br>HOME LOANS, INC., DOES 1-100,<br><br>    Defendants. | Civ. No. 10-00723 ACK-KSC |

## ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND

### BACKGROUND

On December 7, 2010, Pro Se Plaintiffs Alfred Marzan and Adelaida Liwanag Marzan ("Plaintiffs") filed in this a Court a Complaint ("Complaint") against Defendants Bank of America and Countrywide Home Loans, Inc. ("Defendants").  The Complaint states "this notice will serve as a notice to rescind the mortgage loan based on the DOC No.(S) 2005-092302.  That on May 09, 2005, Defendant Countrywide, release our mortgage and that they have received the full payment that has been secured by that certain mortgage it made by us, [Plaintiffs] that on 03/23/2004, was recorded in Bureau of Conveyances of Hawaii in Doc #2004 062977" (grammatical errors in original).  The Complaint's prayer for relief seeks "quiet title and any other further relief that the court consider just proper [sic]."  Finally, attached to the

complaint is a certified copy from the Bureau of Conveyances of a recorded "Release of Mortgage."

## **LEGAL STANDARD**

In order for a claim to be properly in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.  Here, Plaintiffs do not assert federal question jurisdiction.[1/]

The Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on a court's own motion at any time.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."); see also Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) ("Lack of subject matter jurisdiction can be raised by a court's own motion at any time, and can be raised for the first time on appeal.").  "The court should freely grant leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

---

[1/] The Complaint does not cite a federal law or the United States Constitution.  Although the basis of the Complaint is unclear, it appears to be a quiet title action based on Hawai'i law.

The Court has diversity jurisdiction in cases involving claims greater than $75,000 and that are either between citizens of different states or citizens of a state and citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332(a)(1)-(2). To show state citizenship for diversity purposes a party must (1) be a citizen of the United States, and (2) be domiciled in the state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

The party asserting diversity jurisdiction bears the burden of proof. Id. Therefore, if the plaintiff makes no allegations in the complaint respecting the citizenship of the defendant(s) or the plaintiff(s), the district court cannot properly exercise diversity jurisdiction over the claim. Rilling v. Burlington N. R.R. Co., 909 F.2d 399, 400 (9th Cir. 1990) (holding that there was no diversity jurisdiction where the plaintiff made no allegations with respect to the citizenship of the defendant). While the party asserting diversity jurisdiction is merely required to allege (not to prove) diversity at the pleading stage, it is nonetheless required to affirmatively allege the citizenship of the relevant parties, and failure to do so can be fatal to an assertion of diversity jurisdiction. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("[F]ailure to specify state citizenship [is] fatal to [an] assertion of diversity jurisdiction."). When a court dismisses a

claim for failure to properly allege diversity jurisdiction, leave to amend should be granted unless doing so would be futile. See Fed. R. Civ. P. 15(a)(2); see also Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 567-68 (9th Cir. 2000).

## DISCUSSION

Upon review of the Complaint, the Court finds that subject matter jurisdiction has not been properly asserted. Plaintiffs do not allege their own citizenship, which is required in order to invoke diversity jurisdiction. See Rilling, 909 F.2d at 400. Nor do Plaintiffs allege the citizenship of Defendant Bank of America or Defendant Countrywide Home Loans, Inc. Because Plaintiffs have failed to allege their own citizenship and the citizenship of Defendants, jurisdiction cannot be based on diversity. See id.

The Court recognizes, moreover, that Plaintiffs have not alleged any federal causes of action. Accordingly, federal subject matter jurisdiction is unavailable to Plaintiffs. Because it is possible that diversity jurisdiction exists in this matter, however, the Court will grant Plaintiffs leave to file an amended complaint within twenty (20) days from the date of this Order.

Finally, the Court urges Plaintiffs to obtain counsel in pursuing this matter further. Aside from the Complaint's failure to assert subject matter jurisdiction, the Complaint does

not provide "fair notice of what the claim is and the grounds upon which it rests."  Phillips v. Murdock, 543 F. Supp. 2d 1219, 1223 (D. Haw. 2008) (internal quotation marks and alterations omitted); see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  To assistant Plaintiffs, the Court has attached to this Order a list of pro bono attorneys whom they may contact regarding representation.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is dismissed without prejudice.

Plaintiffs will be granted twenty (20) days from the date this Order is filed to file an amended complaint meeting the jurisdictional requirements of this Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, December 9, 2010.



_____
Alan C. Kay
Sr. United States District Judge

<u>Marzan v. Bank of America, et al.</u>, Civ. No. 10-00723 ACK-KSC: Order Dismissing Plaintiffs' Complaint with Leave to Amend.